Judge Robertson
delivered the opinion of the court.
Vanmeeter sold a tract of land to M’Clain and Ray, ánd executed his bond for a conveyance to them by deed of general warranty; M’Clain sold his interest in the land to H. Williams, and assigned to him the bonds. Williams, Ray and Vanmeeter, íaid off by metes and bounds, 102 acres for Williams, arid he executed his notes for the consideration, (which was ‡5 an acre,) in lieu of M’Clain’s obligation therefor. Williams paid the amount of his bonds before his death, except a balance On one note for less than ‡100.' After his death, Rudd, as assignee of this unsatisfied bond, sued and obtained judgment against the administrators $ who thereupon, filed their bill in chancery against Rudd and Vanmeeter, alleging that the bond was lost; that there was a deficit of twelve or fifteen acres in the tract of land sold to Williams. That this deficit resulted from the fact, that the claim of Van-meeter did not include a piece Of land of about fifteen acres, which he represented to be within his boundary, and which was worth at least double as much as the same quantity in any part of the tract included within his lines. That he practiced a fraud in the sale, &c;
On this bill an injunction was granted to the judgment at law. On the final hearing the injunction was dissolved, and a decree rendered in favor of the administrators for ^120 against Vanmeeter, that being the amount of the value of twelve acres, which appear *562 ed to be the quantity of the deficit. To reverse this' decree, Vanmeeter has prosecuted a writ of error.
There can be no objection to the equity of the decree. It was right to dissolve the injunction; because there was neither proof nor allegation which could give any right to an injunction against Rudd. But as to Vanmeeter, the case is different. As to him the allegations are proved, and they are sufficient to authorize the chancellor to decree against him the value of the deficit. The decree has not transcended the proof. The fraud gave jurisdiction. Without fraud, the loss of the bond gave jurisdiction to chancery. No proof of the loss, other than the affidavit thereof, appended to the bill can be required or expected. The tenor of the bond as set forth in the bill, is acknowledged by the answer. There can be- no doubt that the court hot only had jurisdiction of the case, but that its decree' was justified and even demanded' by the proof, if proper parties had been before the court.
But the decree must be reversed for a defect of parties. Ray should' have been a party, because he was' a joint purchaser; and although there can be no doubt lie assented to the division and demarcation of the parcels to himself and Williams; yet this was an arrangement en pais, and the decree in favor of Williams and' against Vanmeeter, would not conclude Ray or affect the rights which he acquired by the bond.-
The heirs of Williams were also necessary parties. They are not bound by the decree rendered in this case. The land descended to them. The administrators had the right to sue for damages, because the cause of action accrued to Williams in his lifetime. It accrued instantly on the purchase. But when they shall have recovered in their suit for the deficiency in the quantity of acres, what becomes of the residuuniembraced in the boundary of Vanmeeter? Are the heirs bound to accept a deed for it, or may they still ask (if they shall elect to do so,) a recision of the contract and damages for the breach of the bond, in lieu of a specific execution “pro tanto”? These and other •questions may arise; all of which, will shew that before complete and effectual justice can be done, the' Siei-rs must be made parties to the suit. Then if they *563 agree to accept a title for the land to which Vanmee•ter has a good right, there can occur no further or other difficulty in future. If they shall be unwilling to accept a title, then the court will be able to dispose .of the whole case among all the parties in such a manijeras shall be just, and prevent any future controversy.
Chapeze, for plaintiff; Darby, for defendants.
Decree therefore, revei-sed, and the cause remanded for the proper parties to be brought before the court.